**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION AT MEMPHIS**

| | |
|---|---|
| **JORGE PEREZ GARCIA;**<br>**RONY PEREZ GARCIA as Biological Brother and**<br>**Next of Kin to JULIO PEREZ GARCIA, Deceased;**<br>**And on Behalf of All Other Wrongful Death**<br>**Beneficiaries,**<br><br>    **Plaintiffs,**<br><br>**vs.**<br><br>**WINGOOD OWNER, LLC;**<br>**CAPSTONE REALTY & MANAGEMENT, LLC; and**<br>**SKYLINE ACQUISITIONS, LLC,**<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  **Case No.: 2:26-CV-2320**<br>)<br>)<br>)<br>)  **JURY DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURIES**

Plaintiffs, **JORGE PEREZ GARCIA** and **RONY PEREZ GARCIA**, as Biological Brother and Next of Kin to **JULIO PEREZ GARCIA, Deceased**; and on Behalf of all other Wrongful Death Beneficiaries (Herein after collectively "Plaintiffs"), by and through their counsels of record, **EA KING LAW, PLLC and LOS FELIZ LAW**, and for this Wrongful Death and Injury Complaint against the Defendants, **WINGOOD OWNER, LLC**; **CAPSTONE REALTY & MANAGEMENT, LLC**; and **SKYLINE ACQUISITIONS, LLC** (Herein after collectively "Defendants"), states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiffs are adult foreign citizens residing in Memphis, Shelby County, Tennessee at all times relevant to this action.

2. The Tennessee Wrongful Death Statutes at Tennessee Code Annotated, § 20-5-106 and § 20-5-107 set forth a hierarchy as to the individual or representative that has the priority to prosecute a wrongful death action on behalf of the decedent because multiple actions may not be brought to resolve a single wrongful death claim. Upon information and belief, Plaintiff, **Rony Perez Garcia**, as Biological Brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased has priority above all others living and willing to file a wrongful death action and to control the litigation.

3. Upon information and belief, JULIO PEREZ GARCIA, Deceased ("Decedent") was a foreign citizen residing in Memphis, Shelby County, Tennessee and his last known domicile was 3496 Wingood Circle – Apartment 4, Memphis, Shelby County, Tennessee 38118.

4. Upon information and belief, JORGE PEREZ GARCIA is a foreign citizen residing in Memphis, Shelby County, Tennessee at all times relevant to this action and his last known domicile was 3496 Wingood Circle – Apartment 4, Memphis, Shelby County, Tennessee 38118.

5. Upon information and belief, Defendant WINGOOD OWNER, LLC is a foreign limited liability company, incorporated in the State of Delaware, authorized to do business in the State of Tennessee and/or otherwise conducting business within the State of Tennessee.

6. Upon information and belief, Defendant WINGOOD OWNER, LLC's principal place of business address is 1929 White Knoll Drive, Toms River, New Jersey 11210-3617.

7. Upon information and belief, Defendant WINGOOD OWNER, LLC may be served with process at the address of its Registered Agent, Registered Agents Inc., 116 Agnes Road, Knoxville, Tennessee 37919.

8. Upon information and belief, DEFENDANT CAPSTONE REALTY & MANAGEMENT, LLC, is a foreign limited liability company, incorporated in the State of New

2

Jersey, authorized to do business in the State of Tennessee and/or otherwise conducting business within the State of Tennessee.

9.      Upon information and belief, DEFENDANT CAPSTONE REALTY & MANAGEMENT, LLC's principal place of business address is 172 Colony Circle, Lakewood, New Jersey 08701.

10.      Upon information and belief, DEFENDANT CAPSTONE REALTY & MANAGEMENT, LLC may be served with process at the address of its Registered Agent, Shlomo Sorotzkin, 172 Colony Circle, Lakewood, New Jersey 08701.

11.      Upon information and belief, Defendant SKYLINE ACQUISITIONS, INC is a foreign limited liability company, incorporated in the State of New Jersey, authorized to do business in the State of Tennessee and/or otherwise conducting business within the State of Tennessee.

12.      Upon information and belief, Defendant SKYLINE ACQUISITIONS, INC's principal place of business address is 172 Colony Circle, Lakewood, New Jersey 08701.

13.      Upon information and belief, Defendant SKYLINE ACQUISITIONS, INC may be served with process at the address of its Registered Agent, Shlomo Sorotzkin, 172 Colony Circle, Lakewood, New Jersey 08701.

14.      This cause of action arises out of tort to include, but not limited to, negligent, gross negligent, malicious, intentional, fraudulent and/or reckless actions/inactions and/or omissions for the Wrongful Death of JULIO PEREZ GARCIA, Deceased and the Personal Injuries of JORGE PEREZ GARCIA, by the Defendants occurring at 3463 Wingood Circle, Memphis, Shelby County, Tennessee and owned, strategically represented the owner, leased, operated, managed, maintained and/or secured by the Defendants.

15.     Said incident is the subject matter of this cause of action, and Defendants are subject to the jurisdiction and venue of this Honorable Court.  This Honorable Court has original jurisdiction over this action as specified in 28 U.S.C. §1332 because this action arises out of diversity of citizenship of all parties and the amount in controversy exceeds the sum or value of $75,000.00.  Furthermore, upon information and belief, all members of each Defendant are resident citizens of a state other than Tennessee and other than Plaintiffs. Venue is proper in this Honorable Court as specified in 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim alleged in this Complaint occurred within the Western District of Tennessee and more specifically in Memphis, Shelby County, Tennessee.

### FACTS COMMON TO ALL CAUSES OF ACTION

16.     Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

17.     Upon information and belief, Oak Ridge Apartments located at 3463 Wingood Circle, Memphis, Tennessee 38118 (hereinafter referred to as "**Property**") are owned, strategically represented, leased, operated, managed, maintained and/or secured by Defendants, WINGOOD OWNER, LLC; CAPSTONE REALTY & MANAGEMENT, LLC; and SKYLINE ACQUISITIONS, LLC.

18.     At all times relevant, Defendants, WINGOOD OWNER, LLC; CAPSTONE REALTY & MANAGEMENT, LLC; and SKYLINE ACQUISITIONS, LLC acted by and through their agents, servants, employees, managers, members and owners,  all of whom were acting within the scope of their authority and employment, and for whom these Defendants are vicariously liable under the doctrine of *respondeat superior*.

19.     Upon information and belief, Oak Ridge Apartments were operated and/or managed and/or maintained and/or strategically represented by CAPSTONE REALTY & MANAGEMENT, LLC; and/or SKYLINE ACQUISITIONS, LLC at the time of the Subject Incident.

20.     On or about Tuesday, August 19, 2025, at or around 7:30pm, Memphis Police Officers responded to a robbery at Oak Ridge Apartments in Memphis, Shelby County, Tennessee.

21.     More specifically, on or about August 19, 2025, at approximately 7:30 pm JORGE PEREZ GARCIA and JULIO PEREZ GARCIA were legally and lawfully within their Apartment and/or parking lot located within the confines of the Property.  Unfortunately, unknown person(s) carrying weapons, with no lawful or legitimate business on the Property were allowed by Defendants to enter and congregate on the Property and engage in unlawful criminal activities such as robbery.  Upon information and belief, one or more of these unknown individuals attempted to commit a robbery on JORGE PEREZ GARCIA and JULIO PEREZ GARCIA, and during the attempted robbery shot them, resulting in a fatal injury to JULIO PEREZ GARCIA, Decedent and catastrophic injuries to Jorge Perez Garci (hereinafter referred to "**Subject Incident**").

22.     Upon information and belief, the Property was not under contract with any Tennessee licensed security company to provide security and/or security personnel on the Property at the time of the Subject Incident.

23.     Upon information and belief, the access gate(s) to the Property were open and/or broken and/or not maintained and/or not installed at the time of the Subject Incident.

24.     Upon information and belief, there were at least one (1) permanent built-in opening(s) to the Property's perimeter fence preventing the Property to be secured regardless if the Property's access gate(s) were operating correctly at the time of the Subject Incident.

25.     Upon information and belief, there was at least one security camera maintained and operating by Defendants on the Property at the time of the Subject Incident.

26.     Upon information and belief, the lighting on the Property was inadequate, poor, broken, not maintained and/or insufficient to reasonably illuminate the Property at the time of the Subject Incident.

27.     For a period of time prior to the robbery that is the subject matter of this Complaint, the Property to include, but not limited to the parking lots, common areas and the areas surrounding the Property were known or should have been known by the Defendants as a location where violent crimes and shootings, illegal drug activity, illegal gang activity, robberies and property crimes were regularly taking place.  For instance, and by way of a limited example only, the following instances have been documented by local police and other reliable sources of which Defendants had actual or constructive notice of:

28.     Between the dates August 19, 2020, and August 19, 2025, there were at least Four (4) incidents of Homicide reported to the Memphis Police Department on the Property including Decedent. *See Exhibit 1.*

29.     Between the dates August 19, 2020, and August 19, 2025, there were at least Twenty-Four (24) incidents of Aggravated Assault reported to the Memphis Police Department on the Property. *See Exhibit 1.*

30.     Between the dates August 19, 2020, and August 19, 2025, there were at least Two (2) incidents of Arson reported to the Memphis Police Department on the Property. *See Exhibit 1.*

31.     Between the dates August 19, 2020, and August 19, 2025, there were at least Forty-Four (44) incidents of Assault reported to the Memphis Police Department on the Property. *See Exhibit 1.*

32.     Between the dates August 19, 2020, and August 19, 2025, there were at least Seven (7) incidents of Burglary/Breaking In and Entering reported to the Memphis Police Department on the Property. *See Exhibit 1.*

33.     Between the dates August 19, 2020, and August 19, 2025, there were at least One (1) incident of Counterfeiting/Forgery reported to the Memphis Police Department on the Property. *See Exhibit 1.*

34.     Between the dates August 19, 2020, and August 19, 2025, there were at least Thirty-Three (33) incidents of Destruction/Damage/Vandalism of Property reported to the Memphis Police Department on the Property. *See Exhibit 1.*

35.     Between the dates August 19, 2020, and August 19, 2025, there were at least Four (4) incidents of Drugs/Narcotics reported to the Memphis Police Department on the Property. *See Exhibit 1.*

36.     Between the dates August 19, 2020, and August 19, 2025, there were at least Three (3) incidents of Fraud reported to the Memphis Police Department on the Property. *See Exhibit 1.*

37.     Between the dates August 19, 2020, and August 19, 2025, there were at least Thirty-Nine (39) incidents of Larceny/Theft reported to the Memphis Police Department on the Property. *See Exhibit 1.*

38.     Between the dates August 19, 2020, and August 19, 2025, there were at least Twenty-Four (24) incidents of Motor Vehicle Theft reported to the Memphis Police Department on the Property. *See Exhibit 1.*

39.     Between the dates August 19, 2020, and August 19, 2025, there were at least Six (6) incidents of Robbery reported to the Memphis Police Department on the Property.  *See Exhibit 1.*

40.     Between the dates August 19, 2020, and August 19, 2025, there were at least One (1) incident of Stolen Property reported to the Memphis Police Department on the Property.  *See Exhibit 1.*

41.     Between the dates August 19, 2020, and August 19, 2025, there were at least Eleven (11) incidents of Weapons Law Violation reported to the Memphis Police Department on the Property.  *See Exhibit 1.*

42.     Furthermore, for a period of time prior to the fatal shooting of Decedent and within a Half (0.5) mile radius of the Property's leasing office located at 3496 Wingood Circle, Memphis, Tennessee 38118 was known or should have been known by the Defendants as a neighborhood where violent crimes and shootings, illegal drug activity, illegal gang activity, robberies and property crimes were regularly taking place.  For instance, and by way of a limited example only, the following instances have been documented by local police and other reliable sources of which Defendants had actual or constructive notice:

43.     Between the dates August 19, 2020, and August 19, 2025, there were at least Twelve (12) incidents of Homicide including Decedent's reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death.  *See Exhibit 2.*

44.     Between the dates August 19, 2020, and August 19, 2025, there were at least Three Hundred Twenty-Five (325) incidents of Aggravated Assault reported to the Memphis Police

Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

45. Between the dates August 19, 2020, and August 19, 2025, there were at least Seven (7) incidents of Arson reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

46. Between the dates August 19, 2020, and August 19, 2025, there were at least Six Hundred Fifty-Five (655) incidents of Assault reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

47. Between the dates August 19, 2020, and August 19, 2025, there were at least Two Hundred Fifteen (215) incidents of Burglary/Breaking In and Entering reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

48. Between the dates August 19, 2020, and August 19, 2025, there were at least Fifteen (15) incidents of Counterfeiting/Forgery reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

49. Between the dates August 19, 2020, and August 19, 2025, there were at least Five Hundred Forty-Seven (547) incidents of Destruction/Damage/Vandalism of Property reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

50. Between the dates August 19, 2020, and August 19, 2025, there were at least One Hundred Six (106) incidents of Drug/Narcotic reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

51.     Between the dates August 19, 2020, and August 19, 2025, there were at least Eight (8) incidents of Embezzlement reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

52.     Between the dates August 19, 2020, and August 19, 2025, there were at least Fifty-Five (55) incidents of Fraud reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

53.     Between the dates August 19, 2020, and August 19, 2025, there were at least Twenty-Three (23) incidents of Kidnapping/Abduction reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

54.     Between the dates August 19, 2020, and August 19, 2025, there were at least Six Hundred Eighty-Four (684) incidents of Larceny/Theft reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

55.     Between the dates August 19, 2020, and August 19, 2025, there were at least Three Hundred Twenty-Four (324) incidents of Motor Vehicle Thefts reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

56.     Between the dates August 19, 2020, and August 19, 2025, there were at least Three (3) incidents of Pornography and Obscene Material reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

57.    Between the dates August 19, 2020, and August 19, 2025, there were at least Twenty (20) incidents of Prostitution reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

58.    Between the dates August 19, 2020, and August 19, 2025, there were at least Three Hundred Fifty-Nine (359) incidents of Robbery reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

59.    Between the dates August 19, 2020, and August 19, 2025, there were at least Fourteen (14) incidents of Stolen Property reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

60.    Between the dates August 19, 2020, and August 19, 2025, there were at least Two Hundred Nine (209) incidents of Weapon Law Violation reported to the Memphis Police Department within a Half (0.5) mile radius of Decedent's approximate place of death. *See Exhibit 2.*

61.    The nature and frequency of such violence and other dangerous/criminal activity at the Property and its immediate surroundings, given the totality of the circumstances, was so overwhelming and pervasive that each of the Defendants knew and were otherwise put on notice of the substantial likelihood of harm to tenants or guests on the Property, particularly given the violent/criminal activity occurring on and around the Property, and Defendants knew that this was the case, and therefore, owed a duty to protect against it.

62.    Despite the Defendants' actual knowledge of the extremely violent criminal activity routinely taking place at the Property prior to August 19, 2025, and the fact that Defendants had a duty to undertake and implement adequate security measures and safety precautions to provide reasonable safety and security measures to tenants and guests on the Property, the Defendants

knowingly and consciously disregarded the safety and security of their tenants and guests, such that safety and security measures were not implemented, utilized, changed, enhanced, or updated even with the knowledge of the dangerous conditions/surroundings/occurrences taking place at the Property.

63.    The Subject Incident that caused JULIO PEREZ GARCIA'S fatal injuries and JORGE PEREZ GARCIA'S Injuries were the direct, foreseeable and proximate result of the overall negligence, malicious, grossly negligent, intentional, and/or reckless and prolonged failure of the Defendants to maintain the Property in a reasonably safe condition considering a known pattern of violent criminal activity on and around the Property.

64.    More Specifically, Defendants had a duty to provide a reasonably safe environment in the common areas of the Property given their special relationship as property owners, operators, managers, and/or security personnel to tenants and the guests of tenants at the Property. This non-delegable duty obligates Defendants to take adequate and sufficient precautions to protect said persons from becoming injured by the foreseeable criminal acts of third parties like the situation presented here. These duties include providing adequate and sufficient security personnel, conducting security patrols, surveillance video systems, preventing access of persons having no lawful or legitimate business on the Property and taking proper steps to reduce and eliminate drug, gang, gun-related, and other violent activity from occurring, and taking any other reasonable and/or appropriate steps as owners, operators, managers and security personnel of/for the Property to protect against foreseeable harms to tenants and guests occurring at the Property. Defendants breached these and other duties as further outlined herein, which resulted in JULIO PEREZ GARCIA sustaining his fatal injuries and JORGE PEREZ GARCIA sustaining his life threatening injuries on the Property.

65. Upon information and belief, the fatal incident on Decedent and catastrophic injuries to JORGE PEREZ GARCIA were not captured on any security camera located within or on the Property.

66. Memphis Police and Paramedics made the scene and shortly thereafter JULIO PEREZ GARCIA was pronounced deceased outside his and his brother's residence within the Property.

67. At all times pertinent to this cause of action, Defendants owned, possessed, controlled, and/or managed and/or possessed the right to control, operated and/or undertook securing the Property, located in Memphis, Shelby County, Tennessee.

68. Defendants failed to fulfill their duty to use reasonable care and take adequate and reasonable precautions and measures to protect tenants and guests of the Property from foreseeable harm and danger, including the fatal injuries suffered by Decedent and the catastrophic injuries sustained by Plaintiff JORGE PEREZ GARCIA.

69. Defendants, at all times relevant hereto, failed to provide reasonable and adequate protection for Decedent and Plaintiff JORGE PEREZ GARCIA, tenants and guests on the Property despite the knowledge of Defendants, actual or otherwise, about the dangers existing there.

70. Defendants owed a duty to Decedent and Plaintiff JORGE PEREZ GARCIA to provide reasonable security and to warn of known dangers, to hire adequately trained employees and agents, to control the conduct, ingress, and egress of third persons, and to adequately respond to a criminal attack on the Property.

71. Before August 19, 2025, there was at least one (1) homicide on the Property within the previous two (2) years.

13

72.    Before August 19, 2025, Defendants knew or should have known that the Property, including the common areas, had inadequate security, that strangers and loiterers frequented the common areas of the Property and that the Property, including the common areas, were not reasonably safe and that criminal acts against their tenants and guests were reasonably foreseeable. Despite knowledge of these conditions, Defendants did nothing to remedy or repair these unsafe conditions and inadequacies. Defendants also knew or should have known that an atmosphere of violence and crime existed at and immediately around the Property.

73.    Furthermore, upon information and belief, Defendants did nothing to warn or alert prospective and/or current tenants and guests that an atmosphere of violence and crime existed on and around the Property.

74.    Contributing and/or proximate factors or causes of the fatal incident on Decedent and the catastrophic injuries to Plaintiff JORGE PEREZ GARCIA, were Defendants' failure to monitor the ingress and egress of persons in and around the Property, and the unsafe condition of the premises in general.

75.    Further contributing and/or proximate factors or causes of the fatal incident on Decedent include the failure of Defendants to maintain and/or hire a trained and/or licensed security company despite their knowledge of the need for such service to protect their tenants and guests.

76.    Defendants owed a duty to Decedent and Plaintiff JORGE PEREZ GARCIA to provide a reasonably safe environment, a duty to warn of known dangers, and a duty to hire adequately trained employees and agents, and to maintain adequate and sufficient security at the Property including, but not limited to, on-site security personnel, proper fencing, gates, lighting, security cameras and any other reasonable safety measures.

77.    At the time of the subject incident, Defendants failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the Property reasonably safe and failed to take measures to protect tenants and guests from foreseeable harm or danger, including the fatal injuries suffered by Decedent and Catastrophic injuries suffered by Plaintiff JORGE PEREZ GARCIA.

## COUNT 1:    FAILURE TO PROVIDE A REASONABLY SAFE PREMISES

78.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

79.    Defendants, individually, jointly, and severally, owed Decedent and Plaintiff JORGE PEREZ GARCIA an ordinary duty of care, specifically, a duty to provide reasonable safety measures to protect Decedent and Plaintiff JORGE PEREZ GARCIA from foreseeable harm on the Property.

80.    Defendants breached said duty owed to Decedent and Plaintiff JORGE PEREZ GARCIA and was negligent by failing to provide adequate security measures on the Property, by failing to control ingress and egress, by failing to take or implement reasonable measures for the personal security and safety of Decedent and Plaintiff JORGE PEREZ GARCIA, by failing to provide tenants with "resident stickers" for their vehicles, failure to maintain adequate lighting and sight lines, failure to maintain access gates and fences, failure to provide and/or maintain security cameras, by failing to warn Decedent and Plaintiff JORGE PEREZ GARCIA of the foreseeable harm he suffered, and by failing to reasonably inspect and make the Property safe. Despite their knowledge of these conditions, Defendants did nothing to remedy or repair these unsafe conditions and inadequacies.

81.    Defendants failed to meet their non-delegable duty to implement adequate security policies, procedures and practices to provide a reasonably safe environment on the Property.

82.    Defendants failed to obtain, seek or gather information regarding incidents, accidental, criminal or other dangerous activity, on or around the Property and failed to furnish such information to tenants and guests of the Property.

83.    Defendants failed to exercise due care to protect Decedent and Plaintiff JORGE PEREZ GARCIA from foreseeable harm by third parties on the Property.

84.    Contributing and/or proximate factors or causes of the attack on Decedent and Plaintiff JORGE PEREZ GARCIA were a complete lack of security measures on the Property, the lack of adequate gates and fences, failure to provide and/or maintain security cameras, the lack of adequate lighting, the presence of trespassers on and around the Property, failure to adequately screen tenants and the unsafe conditions of the Property in general.

85.    At the time of the subject incident, Defendants failed to fulfill their joint, several, and/or collective duties of ordinary reasonable care to make the Property reasonably safe, including failure to take reasonable security precautions or measures and to protect tenants and guests from foreseeable harm and danger, including the fatal injuries suffered by Decedent and the catastrophic injuries suffered by Plaintiff JORGE PEREZ GARCIA.

86.    As a direct and proximate result of Defendants' negligent, malicious, intentional, fraudulent and/or reckless conduct, Decedent, sustained catastrophic, agonizing, disabling and permanent bodily injuries ultimately resulting in Decedent's wrongful death and Plaintiff JORGE PEREZ GARCIA sustained catastrophic, agonizing, disabling and permanent bodily injuries.

## COUNT 2:    NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND MANAGMENT

87.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

88.    Defendants owed Decedent and Plaintiff JORGE PEREZ GARCIA, whom both sustained catastrophic, agonizing, disabling and permanent bodily injuries, an ordinary duty of care in hiring, training, retention, supervision and management of the personnel responsible for identifying, reporting, and preventing threats or acts of violence on the Property, potential security breaches, provide reasonable security, and for keeping the Property in a reasonably safe manner overall.

89.    Through their acts and omissions herein, Defendants breached these duties by failing to reasonably screen, hire, train, supervise, manage, and retain their employees and agents. In addition, the employees and agents authorized by Defendants to perform these jobs were unfit for the purposes of their employment.

90.    Furthermore, Defendants failed to train their on-site managers, and all other on-site employees and agents at the Property in the areas of security, risk management, and generally how to keep their tenants and guests reasonably safe from foreseeable harm.

91.    As a direct and proximate result of Defendants' negligent, malicious, intentional, fraudulent and/or reckless conduct, Decedent, sustained catastrophic, agonizing, disabling and permanent bodily injuries ultimately resulting in Decedent's wrongful death and Plaintiff JORGE PEREZ GARCIA sustained catastrophic, agonizing, disabling and permanent bodily injuries.

## COUNT 3:    FAILURE TO WARN

92.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

93.    Decedent and Plaintiff JORGE PEREZ GARCIA'S injuries occurred as a direct result and proximate consequence of Defendants' negligence, breach of duty of care, and failure to warn of past and foreseeable violent and/or criminal conduct on or around the Property.

94.    As a direct and proximate result of Defendants' negligent, malicious, intentional, fraudulent and/or reckless conduct, Decedent, sustained catastrophic, agonizing, disabling and permanent bodily injuries ultimately resulting in Decedent's wrongful death and Plaintiff JORGE PEREZ GARCIA sustained catastrophic, agonizing, disabling and permanent bodily injuries.

## COUNT 4:    *NEGLIGENCE PER SE*

95.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

96.    Plaintiffs further allege that at the time of the incident in question, the following Statutes of the State of Tennessee covering the TENNESSEE CONSUMER PROTECTION ACT ("**TCPA**") and the UNIFORM RESIDENTIAL LANDLORD AND TENANT ACT were in full force and effect and were violated by Defendants, individually, jointly and severally, with each and every such act constituting *Negligence Per Se*, the Statutes so violated are:

**T.C.A § 47-18-104(b)(2)**

> Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services

18

**T.C.A § 47-18-104(b)(5)**

Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have.

**T.C.A § 47-18-104(b)(7)**

Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

**T.C.A § 47-18-104(b)(27)**

Engaging in any other act or practice which is deceptive to the consumer or to any other person; provided, however, that enforcement of this subdivision (b)(27) is vested exclusively in the office of the attorney general and reporter.

**T.C.A § 66-28-103**

(a)    This chapter shall be liberally construed and applied to promote its underlying purposes and policies.

(b)    Underlying purposes and policies of this chapter are to:
    (1)    Simplify, clarify, modernize and revise the law governing the rental of dwelling units and the rights and obligations of landlord and tenant;
    (2)    Encourage landlord and tenant to maintain and improve the quality of housing;
    (3)    Promote equal protection to all parties; and
    (4)    Make uniform the law in Tennessee.

(c)    Unless displaced by this chapter, the principles of law and equity, including the law relating to capacity to contract, health, safety and fire prevention, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause supplement its provisions.

**T.C.A § 66-28-304(a)**

The landlord shall:
    (1)    Comply with requirements of applicable building and housing codes materially affecting health and safety;
    (2)    Make all repairs and do whatever is necessary to put and keep the premises in a clean and safe condition; and
    (3)    Keep all common area of the premises in a clean and safe condition.

**T.C.A § 66-28-516**

Every duty under this chapter and every act which must be performed as a condition precedent to the exercise of a right or remedy under this chapter imposes an obligation of good faith in its performance or enforcement.

97.    Defendants' advertising and marketing of the Property in the course of trade or commerce as a safe, family-oriented community, when in fact the property was plagued by persistent, violent and property criminal activity, constitutes a violation of **Tenn. Code Ann. § 47-18-104(b)(2), (5), (7),** and **(27)**, as these misrepresentations were materially false and induced tenants to lease units under deceptive pretenses.

98.    These representations were made orally, in writing, on websites, brochures, online listings, leasing documents, and by leasing agents to induce tenants, including Decedent and Plaintiff JORGE PEREZ GARCIA, to lease and remain in units on the Property.

99.    At the time such representations were made, Defendants knew or should have known that the Property was plagued by pervasive violent and property criminal activity, lacked adequate security measures, had broken or non-existent gates, lacked functioning security cameras, and suffered from a pattern of violent crime and other police-reported incidents.

100.    Defendants' misrepresentations and omissions were materially false, misleading, and deceptive, and were likely to—and did—affect the decisions of consumers, including Decedent and Plaintiff JORGE PEREZ GARCIA, to rent or remain at the Property.

101.    Pursuant to **Tenn. Code Ann. § 47-18-109**, Plaintiffs are entitled to actual damages caused by Defendants' deceptive acts, and upon a showing that such conduct was willful or knowing, Plaintiffs are entitled to treble damages, attorneys' fees, and all other relief available under the **TCPA**.

20

102.    Defendants' violations of the above-referenced laws of the State of Tennessee constitute *Negligence Per Se* in that Decedent and Plaintiff JORGE PEREZ GARCIA were among the class sought to be protected by legislation and said *Negligence Per Se* is a direct and proximate cause of the fatal injuries suffered by Decedent to include, but not limited to painful, catastrophic, agonizing, and permanent bodily injuries that ultimately led to Decedent's wrongful death and Plaintiff JORGE PEREZ GARCIA sustained catastrophic, agonizing, disabling and permanent bodily injuries.

### COUNT 5:    PUBLIC NUISANCE

103.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

104.    Defendants maintained its property in a manner that substantially interfered with the public's health, safety, comfort, convenience and welfare by allowing criminal actors to use its Property as a breeding ground for violent, drug and property crimes, creating a public nuisance affecting residents, tenants and guests as well as Shelby County community members as a whole.

105.    As a direct and proximate result of Defendants' creation and maintaining of a public nuisance, Decedent sustained catastrophic, agonizing, disabling and permanent bodily injuries ultimately resulting in Decedent's wrongful death and Plaintiff JORGE PEREZ GARCIA sustained catastrophic, agonizing, disabling and permanent bodily injuries.

### COUNT 6:    PUNITIVE DAMAGES

106.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

21

107. Defendants were aware of or should have been aware of a significant history of criminal and dangerous activity that occurred on the Property prior to the Subject Incident.

108. Due to the nature of the Property and the pervasive history of criminal and other dangerous activity on the Property, Defendants were aware that persons on the Property were likely to be harmed due to the actions of third parties if reasonable precautions and security measures were not taken.

109. Defendants knew that failing to implement and/or retain reasonable security measures would lead to the injury of persons on the Property, such as the fatal injuries suffered by the Decedent and the catastrophic injuries sustained by Plaintiff JORGE PEREZ GARCIA.

110. Defendants maliciously, intentionally, fraudulently and/or recklessly failed to identify risks and dangers associated with the nature and history of the Property.

111. Defendants maliciously, intentionally, fraudulently and/or recklessly disregarded identified risks, crime and dangers associated with the nature and history of the Property.

112. Defendants maliciously, intentionally, fraudulently and/or recklessly hired, trained and supervised personnel who were unfit to provide and/or implement reasonable safety measures at the Property for the protection of persons such as Decedent.

113. Defendants maliciously, intentionally, fraudulently and/or recklessly failed to take reasonable steps to ascertain what security measures were needed at the Property, which actions are oppressive and malicious.

114. Defendants maliciously, intentionally, fraudulently and/or recklessly failed to implement reasonable security measures at the Property even though Defendants knew such failures would lead to Decedent's fatal injuries and Plaintiff JORGE PEREZ GARCIA'S catastrophic injuries, which actions are oppressive and malicious.

115.    Defendants maliciously, intentionally, fraudulently and/or recklessly failed to take steps to protect persons on the Property from foreseeable harms in order to save costs with a conscious disregard of the safety of Decedent, Plaintiff JORGE PEREZ GARCIA, other tenants and guests.

116.    Defendants committed the aforementioned conduct with malice, oppression and with knowledge of their probable harmful consequences.

117.    Defendants acted maliciously, intentionally, fraudulently and/or recklessly with conscious disregard for the safety of others, including Decedent, ultimately causing his fatal injuries, and Plaintiff JORGE PEREZ GARCIA, ultimately causing his catastrophic injuries. These facts are alleged to have occurred with Defendants' advanced knowledge, were ratified/authorized by them, and/or were directly performed by the Defendants, themselves.

118.    Punitive damages are reasonable and warranted in this action by **T.C.A. § 29-39-104** as a punishment for the malicious, intentional, fraudulent and/or reckless conduct of Defendants, each and every, which consciously disregarded the safety of the Decedent, Plaintiff JORGE PEREZ GARCIA, other tenants and guests.

**<u>INJURIES</u>**

119.    Plaintiffs incorporate and re-allege each preceding paragraph as if fully set forth herein.

120.    Plaintiff RONY PEREZ GARCIA alleges that as a direct and proximate result of negligence on the part of the Defendants, the Deceased, suffered severe, catastrophic, painful, and permanent personal injuries including, but not limited to, the following:

      a.    Pain and Suffering;

b.     Fright and Shock;

c.     Wrongful Death;

d.     Loss of Enjoyment of Life, past, present and future;

e.     Loss of Consortium, past, present and future;

f.     Loss of Pecuniary Benefits past, present and future;

g.     Funeral and Burial Expenses; and

h.     All other damages pursuant to the Wrongful Death Act for Decedent's heirs at law, and for all of the harms and losses suffered by these individuals and provided for by Federal and/or Tennessee Law, including, but not limited to their loss of support, services, companionship, consortium and mental anguish.

121.    Plaintiff JORGE PEREZ GARCIA alleges that as a direct and proximate result of negligence on the part of the Defendants, he suffered severe, catastrophic, painful, and permanent personal injuries including, but not limited to, the following:

a.     2 x gunshot wounds to the left bicep;

b.     4 x gunshot wounds to the lower back;

c.     Irritability;

d.     Muscle spasms;

e.     Joint pain;

f.     Fatigue;

g.     Back pain;

h.     Bicep pain;

i.     Headaches;

j.     Sleep Disturbances;

k.     Severe Pain and suffering, past, present and future;

24

l.     Severe Fright and shock;

m.     Loss of enjoyment of life, past, present and future; and

n.     Loss of Earning Capacity.

122.   Plaintiff RONY PEREZ GARCIA further avers that the Estate and statutory beneficiaries of Decedent have suffered substantial mental anguish, loss of emotional support, and financial deprivation as a result of the wrongful acts of Defendants.

123.   Furthermore, Plaintiff JORGE PEREZ GARCIA states that he will require future medical treatment and will incur medical bills for treatment of ongoing injuries.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully prays:

1.     That proper process issue against the Defendants requiring them to plead and answer.

2.     That Plaintiff, **RONY PEREZ GARCIA**, as biological brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased, be awarded a judgment against the Defendants in an amount not less than Ten Million Dollars ($10,000,000.00) in actual and compensatory damages.

3.     That Plaintiff, **RONY PEREZ GARCIA**, as biological brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased, be awarded punitive damages in an amount not less than Twenty Million Dollars ($20,000,000.00) for Defendants' malicious, intentional, fraudulent and/or reckless conduct in this case, where such actions caused actual damage to the Plaintiff.

4.     That Plaintiff, **RONY PEREZ GARCIA**, as biological brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased**,** Deceased, be awarded reasonable Funeral and Burial Expenses in the amount of up to Twenty-Five Thousand Dollars ($25,000.00).

5. That Plaintiff, **RONY PEREZ GARCIA**, as biological brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased**,** Deceased, be awarded all actual damages sustained as a result of Defendants' violations of **TCPA** pursuant to **Tenn. Code Ann. § 47-18-109(a)(1)**; treble damages for willful or knowing violations of the Tennessee Consumer Protection Act pursuant to **Tenn. Code Ann. § 47-18-109(a)(3)**; and reasonable attorneys' fees and costs incurred in pursuing the **TCPA** claim, as permitted by **Tenn. Code Ann. § 47-18-109(e)(1)**.

6. That Plaintiff, **RONY PEREZ GARCIA**, as biological brother and Next of Kin to **JULIO PEREZ GARCIA,** Deceased, be granted such other relief, general or specific, that this Honorable Court deems equitable and just.

7. That Plaintiff **JORGE PEREZ GARCIA** be awarded a judgment against the Defendants in an amount not less than One Million Dollars ($1,000,000.00) in actual and compensatory damages.

8. That Plaintiff **JORGE PEREZ GARCIA** be awarded punitive damages in an amount not less than Two Million Dollars ($2,000,000.00) for Defendants' malicious, intentional, fraudulent and/or reckless conduct in this case, where such actions caused actual damage to the Plaintiff.

9. That Plaintiff **JORGE PEREZ GARCIA** be awarded all actual damages sustained as a result of Defendants' violations of **TCPA** pursuant to **Tenn. Code Ann. § 47-18-109(a)(1)**; treble damages for willful or knowing violations of the Tennessee Consumer Protection Act pursuant to **Tenn. Code Ann. § 47-18-109(a)(3)**; and reasonable attorneys' fees and costs incurred in pursuing the **TCPA** claim, as permitted by **Tenn. Code Ann. § 47-18-109(e)(1)**.

10. That Plaintiff **JORGE PEREZ GARCIA** be granted such other relief, general or specific, that this Honorable Court deems equitable and just.

11.     That a jury of the Plaintiffs' peers be empaneled to try these issues when joined.

12.     That the Plaintiffs reserve the right to amend these pleadings to conform to the facts of this matter and upon discovery of additional facts.

13.     That the Plaintiffs be awarded costs and interest and such other general or specific relief to which the Plaintiffs may justly be entitled at law or in equity.

Respectfully Submitted,

**EA KING LAW, PLLC**

/s/ *Esperanza A. King*
Esperanza A. King (TNBPR# 036083)
Attorney for Plaintiff
5350 Poplar Avenue – Suite 395
Memphis, Tennessee 38119
Office:          (901) 509-3160
Facsimile:     (901) 5093177
Email:          eking@eakinglaw.com

and

**LOS FELIZ LAW**

/s/ *R. Chris Lim*
R. Chris Lim (CABPR No. 237416)
Attorney & Counselor at Law
2046 Hillhurst Avenue, #13
Los Angeles, California 90027
Office:          (323) 375-9377
Facsimile:     (888) 846-8777
Email:          chris.lim@losfelizlaw.com