**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**JORGE PEREZ GARCIA;
RONY PEREZ GARCIA as Biological Brother and
Next of Kin to JULIO PEREZ GARCIA, Deceased;
And on Behalf of All Other Wrongful Death
Beneficiaries,**

    **Plaintiffs,**
                                   **Case No.: 2:26-CV-2320**

**vs.**
                                              **JURY DEMANDED**

**WINGOOD OWNER, LLC;
CAPSTONE REALTY & MANAGEMENT, LLC; and
SKYLINE ACQUISITIONS, LLC,**

    **Defendants.**

---

### ANSWER WITH AFFIRMATIVE DEFENSES

---

**COME NOW**, Defendants, Wingood Owner, LLC ("Owner"), Capstone Realty & Management, LLC ("Managers"), and Skyline Acquisitions, LLC ("Skyline") (sometimes referred to herein individually and other times referred to herein collectively as the "Defendants"), by and through their undersigned counsel of record, and hereby file their Answer with Affirmative Defenses in response to Plaintiffs' Complaint for Wrongful Death and Personal Injuries (the "Complaint").

Defendants hereby deny each and every allegation of the Complaint not expressly admitted herein. Any answer or response by Defendants that Defendants lack sufficient knowledge or information to admit or deny a specific allegation, or part thereof, shall be intended —if an affirmative admission or denial is required by the Court— to be a denial. Any answer or response by Defendants that an allegation makes a legal conclusion shall be intended —if an affirmative admission or denial is required by the Court— to be a denial.

1

Now, in answer to each of the numbered paragraphs of Plaintiffs' Complaint, Defendants answer as follows:

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny those allegations and demand strict proof thereof.

2. No response is required as this allegation constitutes nothing more than a legal conclusion. To the extent this paragraph is intended to allege that Defendants were in any responsible for or liable for Decedent's death, or that Defendants breached any duty, such allegations are expressly and fully denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny those allegations and demand strict proof thereof.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny those allegations and demand strict proof thereof.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12.     Admitted.

13.     Admitted.

14.     No response is required as this allegation constitutes nothing more than a legal conclusion.  To the extent this paragraph is intended to allege that Defendants were in any responsible for or liable for Decedent's death, or that Defendants breached any duty, such allegations are expressly and fully denied.

15.     Admitted.

### FACTS COMMON TO ALL CAUSES OF ACTION

16.     Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

17.     Denied, as stated.

18.     Denied, as stated.

19.     Denied, as stated.

20.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

21.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

22.     Denied.

23.     Denied.

24.     Defendants admit that there is a fire truck access point in the perimeter fence; but deny all other allegations included in this paragraph and demand strict proof thereof.

25.     Admitted.

3

26.    Denied.

27.    Denied.

28.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

29.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

30.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

31.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

32.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

33.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

34.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

35.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

36.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

37.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

38.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

39.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

40.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

41.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

42.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

43.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

44.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

45.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

46.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

47.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

48.    Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

49.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

50.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

51.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

52.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

53.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

54.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

55.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

56.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

57.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

58.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

59.     Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

60. Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Upon information and belief, admitted.

66. Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

67. It is admitted that Owner owns the property and that Manager manages the property; otherwise, denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants are without sufficient knowledge or information to affirmatively admit or deny the allegation and therefore deny same and demand strict proof thereof.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT 1: FAILURE TO PROVIDE A REASONABLY SAFE PREMISES

78.    Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

## COUNT 2: NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND MANAGEMENT

87.    Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

## COUNT 3: FAILURE TO WARN

92.     Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

93.     Denied.

94.     Denied.

## COUNT 4: NEGLIGENCE PER SE

95.     Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

96.     No response is required as this allegation constitutes nothing more than a legal conclusion.  To the extent Paragraph 96 is intended to allege that Defendants were in any responsible for or liable for Decedent's death, or that Defendants breached any duty, such allegations are expressly and fully denied.

97.     Denied, as stated.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## COUNT 5: PUBLIC NUISANCE

103.    Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

104.    Denied.

105.    Denied.

## COUNT 6: PUNITIVE DAMAGES

106.    Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

10

## INJURIES

119.    Defendants hereby incorporate by reference their answers and responses to the preceding individually numbered Paragraphs of the Complaint as if set forth herein more fully verbatim.

120.    Defendants deny were that they were in any way responsible for or liable for Decedent's death, injuries, and alleged losses, or that Defendants breached any duty.  All such allegations are expressly and fully denied.

121.    Defendants deny were that they were in any way responsible for or liable for Decedent's death, injuries, and alleged losses, or that Defendants breached any duty.  All such allegations are expressly and fully denied.

122.    Defendants deny were that they were in any way responsible for or liable for Decedent's death, injuries, and alleged losses, or that Defendants breached any duty.  All such allegations are expressly and fully denied.

123.    Defendants deny were that they were in any way responsible for or liable for Decedent's death, injuries, and alleged losses, or that Defendants breached any duty.  All such allegations are expressly and fully denied.

124.    Defendants' use of the same headings, defined terms, and terminology employed in the Complaint is solely for convenience and shall not be construed as an admission of any fact, legal conclusion, characterization, or allegation contained therein.

125.    In responding to the Complaint, Defendants have generally adopted Plaintiffs' paragraph numbering, headings, and defined terms solely to facilitate the Court's review and to comply with the applicable rules of pleading. By doing so, Defendants do not admit the correctness

11

of Plaintiffs' terminology, characterizations, descriptions, legal conclusions, or factual allegations, all of which are expressly denied except as specifically admitted herein.

As to Plaintiffs' "Wherefore" Paragraph, including subparts 1 through 13 thereof, Defendants deny that Plaintiffs —whether for themselves or on behalf of the Decedent— are entitled to any damages from Defendants whatsoever.

## AFFIRMATIVE OR OTHER DEFENSES

For their affirmative and other defenses, and without assuming any burden of proof it does not already have, Defendants separately allege that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

## FIRST DEFENSE

Each count of Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Defendants and Defendants move that the Complaint be dismissed in whole or in part pursuant to Fed. R. Civ. P. 12(b)(6).  This includes, but is not limited to, Plaintiffs' failure to plead or establish the essential elements of their claim for wrongful death (including the elements of negligence and premises liability).  Moreover, Defendants did not owe Plaintiffs' Decedent the duty alleged, Defendants breached no duty, and Plaintiffs cannot satisfy (and have not satisfied) either proximate and/or legal causation.  Defendants did not create the dangerous or defective condition, nor did they have either actual or constructive notice of such condition.

## SECOND DEFENSE

Plaintiffs' Complaint must be dismissed as Plaintiffs' injuries (and those of the Decedent) arise from the intentional, criminal conduct of third parties and/or intervening, or superseding intervening, causes.  This includes, but may not be limited to, the individual(s) who allegedly shot Decedent.

12

### THIRD DEFENSE

Plaintiffs' Complaint must be dismissed as, and to the extent that, Plaintiffs' and/or Decedent's injuries arise from their own conduct.  Defendants specifically assert that, pursuant to the doctrine of comparative fault, Plaintiffs' and/or Decedents were 50% (or more) responsible for the alleged harm – barring any recovery whatsoever.

### FOURTH DEFENSE

To the extent Plaintiffs or the Decedent knowingly encountered a known danger, such conduct constitutes comparative fault under Tennessee law and reduces or bars recovery accordingly.

### FIFTH DEFENSE

Plaintiffs' damages must be reduced or otherwise off-set to the extent that Plaintiffs and/or Decedent failed to mitigate their damages.

### SIXTH DEFENSE

Defendants specifically raise and aver the doctrine of comparative fault and assert the liability of, among others, the shooter or shooters.

### SEVENTH DEFENSE

Plaintiffs' Complaint must be dismissed as Plaintiff failed to join an indispensable party.

### EIGHTH DEFENSE

Plaintiffs' Complaint must be dismissed pursuant to the applicable statute of limitations.

### NINTH DEFENSE

Plaintiffs are not entitled to punitive damages.

## TENTH DEFENSE

Defendants specifically invoke and assert any and all potentially applicable statutory caps on damages.

## ELEVENTH DEFENSE

Defendants reserve the right to supplement and amend these defenses.

## TWELFTH DEFENSE

Defendants specifically invoke and assert any and all potentially applicable statutory caps on damages.

## THIRTEENTH DEFENSE

Defendants neither knew nor should have known of any specific, imminent, or foreseeable criminal activity that would have required additional security measures. Defendants lacked actual or constructive notice of any condition that allegedly created an unreasonable risk of harm.

## FOURTEENTH DEFENSE

At all relevant times Defendants exercised reasonable care in the ownership, operation, maintenance, leasing, and management of the Property. Defendants deny that any additional security measures were required under Tennessee law.

## FIFTEENTH DEFENSE

The injuries and damages alleged were caused solely and proximately by the intentional criminal conduct of unknown third parties over whom Defendants exercised no custody or control.

## SIXTEENTH DEFENSE

Even assuming arguendo that any act or omission by Defendants occurred, which is expressly denied, Plaintiffs cannot establish that any alleged breach was the cause in fact or legal cause of the injuries alleged.

14

**SEVENTEENTH DEFENSE**

Defendants affirmatively allege that one or more non-parties, including but not limited to the unknown shooter(s), unknown criminal participants, and any additional persons identified through discovery, bear fault for Plaintiffs' alleged damages pursuant to Tennessee's system of comparative fault.

**EIGHTEENTH DEFENSE**

Plaintiffs' negligence per se claim fails because none of the statutes cited create a private duty applicable under the facts alleged, nor were they enacted for the purpose of preventing the injuries alleged in this action.

**NINETEENTH DEFENSE**

Plaintiffs fail to state a claim under the Tennessee Consumer Protection Act because the alleged injuries arise from personal injuries and wrongful death rather than an ascertainable consumer loss; the alleged conduct does not constitute a deceptive act actionable under the TCPA; the TCPA does not create a cause of action under the circumstances alleged; and Plaintiffs otherwise fail to satisfy the statutory prerequisites for recovery.

**TWENTIETH DEFENSE**

Plaintiffs cannot recover under the Uniform Residential Landlord and Tenant Act because the Act does not impose the duties alleged, does not create negligence per se under these facts, and does not create liability for intentional criminal acts of unknown third parties.

**TWENTY-FIRST DEFENSE**

Plaintiffs lack standing to pursue a public nuisance claim because they have not alleged a special injury different in kind from that suffered by the general public, and Tennessee law does not recognize the claim asserted under the facts alleged.

15

## TWENTY-SECOND DEFENSE

Plaintiffs fail to allege facts sufficient to establish negligent hiring, training, supervision, or retention because they fail to identify: any incompetent employee, any wrongful act by any employee, any notice to Defendants of employee incompetence, any causal connection between any employee conduct and Plaintiffs' injuries.

## TWENTY-THIRD DEFENSE

Punitive damages are barred because Plaintiffs cannot establish by clear and convincing evidence that Defendants acted intentionally, fraudulently, maliciously, or recklessly as required by Tenn. Code Ann. § 29-39-104.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiffs seek to impose liability based upon the conduct of persons other than Defendants' employees or agents, Defendants deny the existence of any agency relationship giving rise to vicarious liability.

## TWENTY-FIFTH DEFENSE

Defendants deny that the various Defendant entities operated as a joint venture or were otherwise jointly liable for the acts alleged.

## TWENTY-SIXTH DEFENSE

Defendants presently lack sufficient information to identify all potentially responsible non-parties and expressly reserve the right to identify additional persons or entities whose fault should be allocated pursuant to Tennessee law as discovery progresses.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:___/s/ S. Joshua Kahane_____

16

S. Joshua Kahane (TN #23726)
Aubrey B. Greer (TN #35613)
6000 Poplar Ave., Suite 400
Memphis, TN  38119
Phone: (901) 525-1322
Fax: (901) 525-2389
jkahane@glankler.com
agreer@glankler.com

*Attorneys for Defendants Wingood Owner,
LLC, Capstone Realty & Management, LLC,
and Skyline Acquisitions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following parties by operation of the Court's ECF system and/or United States Mail, postage prepaid:

**EA KING LAW, PLLC**
Esperanza A. King
Attorney for Plaintiff
5350 Poplar Avenue – Suite 395
Memphis, Tennessee 38119
Office: (901) 509-3160
Facsimile: (901) 5093177
Email: eking@eakinglaw.com

and

**LOS FELIZ LAW**
R. Chris Lim
Attorney & Counselor at Law
2046 Hillhurst Avenue, #13
Los Angeles, California 90027
Office: (323) 375-9377
Facsimile: (888) 846-8777
Email: chris.lim@losfelizlaw.com

*Attorneys for Plaintiffs*

/s/ S. Joshua Kahane
S. Joshua Kahane

17